**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN TIMOTHY GROVER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JACOB WELSH,**<br><br>**Defendant.** | **Case No. 6:25-cv-01229-JMK-ADM** |

**MEMORANDUM AND ORDER**

This is the second pro se lawsuit filed by Plaintiff John Timothy Grover against Chase County Sheriff Jacob Welsh. The first lawsuit was dismissed by Judge Eric Melgren on July 30, 2025, after Magistrate Judge Angel Mitchell issued a Report and Recommendation ("R&R") recommending that Grover's complaint be dismissed for failure to state a claim upon which relief can be granted.

Just three months later, Grover filed the instant lawsuit arising out of the exact same facts. Judge Mitchell has issued another R&R, Grover has objected to that R&R, and Grover's claims are before the Court once again in that posture. For the reasons stated herein, the Court adopts Judge Mitchell's R&R, overrules Grover's objections, and dismisses his claims with prejudice.

## I. BACKGROUND

On June 25, 2025, Grover filed a Complaint against Chase County Sheriff Jacob Welsh. The filing of that Complaint initiated Case No. 25-1131 ("the First Action"). The Complaint in the First Action alleged that Welsh violated Grover's right to equal protection "by refusing to investigate and file charges against Rachel DeCou for felony perjury." *Grover v. Welsh*, D. Kan. Case No. 25-1131, Doc. 1. Grover also alleged that Welsh violated his due process rights, under both the Fifth and Fourteenth Amendment, by failing to investigate and file charges against

DeCou. *Id.* And he claimed that Welsh's conduct in responding to his complaints violated his right "to protection from abuse of power" and his right to be free of retaliation. *Id.* Grover also asserted that Welsh had violated various criminal statutes in failing to investigate DeCou. *Id.* The Complaint in the First Action—especially as relates to Welsh's conduct—was largely based on conclusory allegations.

Judge Mitchell issued an R&R in the First Action. *Grover v. Welsh*, 2025 WL 5312221 (D. Kan. July 8, 2025). Judge Mitchell recommended dismissal of all of Grover's claims. Specifically, she concluded that Grover did not state a Fifth Amendment claim because such claims can only be asserted against federal officials, which Welsh is not. *Id.* at *3. As for Grover's Fourteenth Amendment claim, Judge Mitchell determined that the Complaint did not allege facts supporting his claim that Welsh failed to follow any procedure or deprived Grover of a constitutionally protected right. *Id.* As for the other § 1983 claims, Judge Mitchell determined that they were conclusory and unsupported by well-pleaded factual allegations, and therefore, recommended they be dismissed as well. *Id.* at *3–4. Finally, Judge Mitchell pointed out that the criminal statutes referenced in Grover's Complaint did not provide a private right of action, and therefore, his attempt to enforce them should also be dismissed. *Id.* at *4.

After Judge Mitchell entered her R&R in the First Action, Grover filed a 21-page document with the Court. Case No. 25-1131, Doc. 7. Most of that filing was argument by Grover, purporting to clarify his claims against Welsh. The document asserted that Welsh had violated Grover's Fourth Amendment rights "by failing to investigate Rachel Decou for Felony Perjury." *Id.* at 1. After providing his theory as to how a failure to investigate can constitute an unlawful search or seizure, Grover went on to explain that Welsh also violated his Fifth Amendment rights by failing to investigate perjury that impacted his parental rights, and his Fourteenth Amendment rights by

both denying him equal protection under the law and depriving him of access to his son without due process. *Id.* at 5–10.

Although much more ink was spilled in Grover's second filing in the First Action than in his Complaint, a single thread ran through all of Grover's arguments: all his claims arose out of Welsh's alleged failure to investigate his claim that DeCou committed perjury to obtain a protective order against him. *See, e.g.*, Case No. 25-1131, Doc. 7, at 1 ("Jacob Welsh has violated my 4th Amendment Rights.by failing to investigate Rachel DeCou"), at 3 ("I claim that Sheriff Jacob Welsh's refusal to investigate the Felony Perjury allegations against Rachel DeCou allows the purportedly unlawful protection order"), at 5 ("My argument hinges on that Sheriff Jacob Welsh's refusal to investigate the Felony Perjury"), at 6 ("Sheriff Jacob Welsh's refusal to investigate this corruption, particularly when brought to Sheriff Jacob Welsh's attention, could be argued as a failure to uphold procedural fairness"), at 9 (arguing that Welsh violated Grover's due process rights "refus[ing] to engage in the process that could have corrected it"), at 10 (arguing Welsh violated his equal protection rights by "refus[ing] to take [his] report"). Grover's filing concluded with this summary:

> I have alleged that Sheriff Jacob Welsh's actions violated my constitutional rights under the 4th, 5th, and 14th Amendments. Specifically, I claim that Sheriff Welsh's failure to investigate Rachel DeCou's Felonry Perjury led to an unjust protection order and custody arrangements . . . Which constitutes violations of my Due Process and Equal Protection Rights.

*Id.* at 14. The filing also suggests, although in conclusory fashion, that Welsh assisted DeCou in fraudulently obtaining the protective order. This 21-page filing in the First Action concluded with exhibits: emails exchanged between Grover and Welsh in which Grover accused DeCou of perjury, and Welsh declined to investigate that allegation without being presented with some supporting documentation. *Id.* at 16–19.

Judge Melgren found that the 21-page filing was not a proper objection to Judge Mitchell's R&R. *Grover v. Welsh*, 2025 WL 5312223 (D. Kan. July 30, 2025). Judge Melgren noted that the document was not titled as an objection to the R&R, and in fact, made no mention of the R&R at all. *Id.* at *1. The Court identified an amended complaint as the closest analog to Grover's filing, but in any event, found that it did not remedy the issues identified in the R&R. *Id.* And so, the Court adopted Judge Mitchell's R&R and dismissed the First Action without prejudice. *Id.*

The instant lawsuit followed. The 6-page Complaint alleges that Welsh violated Grover's First, Fourth, Fifth, and Fourteenth Amendment rights and, also, violated various Kansas criminal statutes. Doc. 1 at 3. Grover also attached as an exhibit the exact same document (less the email exhibits) that Grover filed in the First Action after the R&R was entered in that case. Doc. 1-2.

As in the First Action, Judge Mitchell entered an R&R recommending that Grover's claims be dismissed. Doc. 9. Once again, Judge Mitchell noted that Grover cannot pursue a private right of action for alleged violations of Kansas criminal law. *Id.* at 10–11. She also, once again, correctly noted that Grover cannot pursue a Fifth Amendment claim against a non-federal officer. *Id.* at 6–7. She further analyzed Grover's other claims under the First, Fourth, and Fourteenth Amendments, and recommended that they, too, be dismissed for failure to state a claim. *Id.* at 4–10. Grover filed an objection to the R&R. Doc. 11. Judge Mitchell's R&R, and Grover's objection thereto, are now ripe for review.

## II. LEGAL STANDARD

Fed. R. Civ. P. 72(b)(2) governs objections to a magistrate judge's R&R and states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part

of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object leaves a party with no entitlement to appellate review. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Objections to a magistrate judge's R&R "must be both timely and specific to preserve an issue for de novo review by the district court." *Id.*

## III. ANALYSIS

The Court begins with Grover's Complaint. The Civil Complaint, itself, is rather sparse but refers to "Attachment A." The attachment to the Complaint is the same document that was filed by Grover as Doc. 7 in the First Action. Even in this case, the attachment is captioned with the First Action's case number. Doc. 1-2. The attachment is in narrative form and, rather than laying out a short, plain statement of the claim, sets forth Grover's theories and opinions of his claims. *E.g.*, Doc. 1-2 at 4 ("This part of my argument focuses on how the Sherriff's alleged inaction constitutes to an ongoing violation of my rights, rather than an active seizure by Sheriff Jacob Welsh himself."); *contra* Fed. R. Civ. P. 8(a) and 10(b).

Doc. 1-2 does not comply with either Rule 8 or Rule 10 of the Federal Rules of Civil Procedure. It is both meandering and repetitive and does not set forth a short, plain statement of the claim in numbered paragraphs "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). But it is well settled that the Court must construe pro se pleadings liberally, to determine if it can reasonably read the pleading to state a valid claim for relief. *Johnson v. Reyna*, 57 F.4th 769, 775 (10th Cir. 2023). Even applying that standard and having reviewed Grover's objection to the R&R, the Court does not glean a valid claim, and therefore, adopts Judge Mitchell's R&R.

**A. Grover has waived any claims for conspiracy or violation of Kansas criminal law.**

Judge Mitchell's R&R recommended dismissal of all of Grover's claims. Grover's objection to the R&R singles out his claims brought under the First, Fourth Fifth, and Fourteenth Amendments. Doc. 11. Those claims will be discussed below. But Grover's objection does not mention Judge Mitchell's recommendation that both his § 1983 conspiracy claim and his claims brought under Kansas' criminal code be dismissed. Doc. 9 at 9–11.

By failing to address either of these claims in his objection, Grover has waived any further review of those claims under the Tenth Circuit's firm waiver rule. *E.g., Hall v. Jordan*, 143 F. App'x 74, 75–76 (10th Cir. 2005); *Bacon v. McGarry*, 71 F. App'x 19, 21 (10th Cir. 2003). And so, the Court adopts Judge Mitchell's R&R with regard to Grover's § 1983 conspiracy claim and his claims brought under Kansas criminal law. Those claims are dismissed.

**B. Grover fails to state a claim for a violation of the First Amendment.**

As Judge Mitchell noted in the R&R, neither the Complaint nor the attachment contain any facts that would give rise to a First Amendment claim. In his objection to the R&R, Grover elaborates on that claim for the first time. He asserts that on April 17, 2025, he engaged in protected speech by emailing Welsh to report crimes, and that "between 2:14 p.m. and 2:56 p.n. on April 17, 2025," Welsh responded by threatening to arrest Grover if he did not stop trying to pursue charges. Doc. 11 at 2.

Those allegations could, arguably, support a First Amendment claim. *McLinn v. Thomas Cnty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1105–06 (D. Kan. 2021). But "[g]enerally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation." *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014). The allegation that Welsh threatened Grover with arrest based on his report does not appear in the

Complaint or any attachment thereto; it was raised for the first time in Grover's objection, which is improper.[1] Considering only the allegations contained in the Complaint and its attachments, the Court adopts Judge Mitchell's recommendation that Grover's First Amendment claim be dismissed.

**C. Grover fails to state a claim for a violation of the Fourth Amendment.**

Unlike his First Amendment claim, the allegations supporting Grover's Fourth Amendment claim can be found in his Complaint and its attachments. There, Grover concedes that Welsh's inaction is not "an active seizure" but, nevertheless, contends that Welsh's inaction restricts his liberty. Doc. 1-2 at 4. As Grover explains, Welsh's failure to investigate "allows" the "unlawful protection order" to continue, and that order restricts Grover's liberty. *Id.* at 5. Grover expounds on this claim in his objection, arguing that by threatening to arrest him, Welsh "exerted an unlawful show of authority by threatening [Grover] with physical, custodial arrest." Doc. 11 at 3. As with the First Amendment claim, this new allegation of a threatened arrest is improperly raised at this phase. And the allegations in Grover's Complaint and attachments fail to support his claim that Welsh ever seized Grover.

In the Fourth Amendment context, "the word 'seizure' readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful." *Torres v. Madrid*, 592 U.S. 306, 312 (2021) (citation and alteration omitted). An officer can seize a person "either through application of force or by show of authority. "In the latter situation, the seizure occurs when its subject complies with the demand or, stated differently, when there is submission to the assertion of authority." *Kan. Motorcycle Works USA, LLC v. McCloud*,

---

[1] The Court would also note that the assertion that Welsh threatened to arrest Grover is unsupported—if not contradicted—by the emails between Grover and Welsh that were filed in the First Action. See Case No. 25-1131, Doc. 7 at 16–-21.

569 F. Supp. 3d 1112, 1119 (D. Kan. 2021) (internal quotation marks and citations omitted). But there is no authority suggesting that the entrance of a restraining or protective order constitutes a seizure under the Fourth Amendment. In fact, other federal courts have considered Grover's assertion, and rejected it.

> The temporary orders of protection procured from the Family Court at the City Defendants' request did not constitute a seizure under the Fourth Amendment. Although he was prevented from seeing his son, Graham was otherwise at liberty. The court orders did not significantly limit the plaintiff's freedom of movement, nor is any case cited in which a seizure was found on analogous facts. While they may have infringed on plaintiff's liberty interest in maintaining the integrity of his family, this is not the liberty of movement—physical freedom—that the Fourth Amendment protects.

*Graham v. City of New York*, 869 F. Supp. 2d 337, 355 (E.D.N.Y. 2012); *see also Emanuel v. Griffin*, 2015 WL 1379007, at *14–15 (S.D.N.Y. Mar. 25, 2015). This is especially true when the orders were obtained by a private individual.

> Governmental defendants normally can be held responsible for a private decision only when they have exercised coercive power or have provided such significant encouragement, either over or covert, that the choice must in law be deemed to be that of the state. Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives.

*Marcus v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004) (internal quotation marks and citation omitted). The order in question was obtained by DeCou, a private citizen. The primary fault attributed to Welsh is that, after the order had already been entered, he failed to investigate statements she made in obtaining that order. Welsh's declination to investigate Grover's claims does not rise to level of encouragement or assistance as to make Welsh liable for her conduct.[2]

---

[2] Grover does suggest, a handful of times, that Welsh "helped" DeCou obtain the protective order. But that conclusion is unexplained and is not supported by any well-pleaded facts.

Grover does not plausibly allege that Welsh violated the Fourth Amendment by failing to investigate Grover's allegations of perjury.

**D. The Fifth Amendment does not apply to state officers.**

As the R&R pointed out, the Fifth Amendment's due process clause does not apply to action by state or local government actors; it only applies to the federal government. *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Grover does not address this defect in his objection to the R&R. Because Welsh is not a federal government actor, Grover's Fifth Amendment claim must be dismissed.

**E. Grover fails to state a claim for a violation of the Fourteenth Amendment.**

Grover also brings two claims under the Fourteenth Amendment. He claims that his right to due process was violated and also that he was denied equal protection under the law.

**1. Grover fails to state a claim for a due process violation.**

Grover asserts that he was deprived of liberty and his parental rights when DeCou entered a protective order against him. Again, DeCou is not a party to this suit. And so, to hold Welsh responsible for this alleged violation, Grover asserts that Welsh's "failure to investigate" his claims is a denial of his due process rights because Welsh "is arguably facilitating or perpetuating a deprivation of [his] liberty without a valid legal foundation." Doc 1-2 at 11. This assertion fails to establish a violation of the Fourteenth Amendment's due process clause.

To state a claim for a violation of procedural due process, a plaintiff "must allege a constitutionally protected interest, and that [he was] deprived of that interest by state action. If these elements are alleged, the question becomes what process was due and whether it was provided." *Gorenc v. Klaassen*, 421 F. Supp. 3d 1131, 1161 (D. Kan. 2019) (internal quotation marks and citations omitted). Plaintiff does not plausibly allege that Welsh deprived him of any

constitutionally protected interest. DeCou, not Welsh, obtained the protective order. Nor does Grover allege that he was denied process. As Judge Mitchell observed:

> The essence of due process is notice and the opportunity to be heard before any liberty or property interest is taken. As such, court proceedings that provide notice and an opportunity to be heard generally provide due process. Grover does not allege facts to suggest that he was deprived of notice and opportunity to be heard during the state court proceedings that resulted in the issuance of the protection order.

Doc. 9 at 7–8 (citations omitted). That analysis is correct, and Grover does nothing to rebut it. Grover fails to state a procedural due process claim.

**2. Grover fails to state a claim for an equal protection violation.**

Grover claims that Welsh violated his right to equal protection by failing to investigate his allegations. Grover claims that, because "similar complaints from other American Citizens would typically lead to an investigation," he was denied equal protection when Welsh failed to investigate his allegations. Judge Mitchell recommended that this claim be dismissed because the allegations supporting it are too conclusory. In his objection to the R&R, Grover asserts he was subject to "class-of-one" discrimination because he was "intentionally treated differently from others without a rational basis." Doc. 11 at 3.

To prevail on a class-of-one theory, "a plaintiff must first establish that others, similarly situated in every material respect were treated differently. A plaintiff must then show this difference in treatment was without rational basis, that is, the government action was irrational and abusive, and wholly unrelated to any legitimate state activity." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (internal quotation marks and citations omitted). Courts approach such claims "with caution." *Id.*

> [T]he concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors. It is always possible for persons aggrieved by government action to allege, and almost always possible to produce evidence, that

> they were treated differently from others, with regard to everything from zoning to licensing to speeding to tax evaluation. It would become the task of federal courts and juries, then, to inquire into the grounds for differential treatment and to decide whether those grounds were sufficiently reasonable to satisfy equal protection review. This would constitute the federal courts as general-purpose second-guessers of the reasonableness of broad areas of state and local decisionmaking: a role that is both ill-suited to the federal courts and offensive to state and local autonomy in our federal system.

*Jennings v. City of Stillwater*, 383 F.3d 1199, 1210–11 (10th Cir. 2004). Grover's allegations provide no detail into who else was "similarly situated" to him or what similar complaints those individuals made that were investigated. His claim that he was treated differently is entirely conclusory, and fails to state a claim for class-of-one discrimination under the Equal Protection Clause. *E.g.*, *Harrell v. Lira*, 2025 WL 251832, at *4 (10th Cir. Jan. 21, 2025).

## IV. CONCLUSION

All of Grover's claims arise out of one simple fact: Sheriff Welsh did not investigate the allegations Grover made against DeCou. Judge Mitchell's R&R and the above analysis can be aptly summarized in an observation made by the Tenth Circuit more than twenty years ago: Grover has "provided no authority establishing a federal right to have his complaints investigated." *Khan v. Lucas*, 33 F. App'x 381, 383 (10th Cir. 2002); *see also Jones v. Bowers*, 2017 WL 4334238, at *3 (W.D. Okla. July 28, 2017).

THE COURT THEREFORE ADOPTS Magistrate Judge Angel D. Mitchell's Report and Recommendation (Doc. 9) and DISMISSES Grover's claims WITH PREJUDICE.

This case is closed.

IT IS SO ORDERED.

Dated: October 30, 2026

s/ Jeffrey M. Kuhlman
JEFFREY M. KUHLMAN
UNITED STATES DISTRICT JUDGE